906 F.2d 783
 285 U.S.App.D.C. 89
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Bessie DOUGLAS, Appellant,
v.
Jack KEMP, Secretary, HUD.
And consolidated case
 No. 88-5391.
 United States Court of Appeals, District of Columbia Circuit.
 June 27, 1990.
 
 Before MIKVA, HARRY T. EDWARDS and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court order filed September 7, 1988 be affirmed. The record amply supports the district court's determination that appellant failed to establish a prima facie case of race, sex or age discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Krodel v. Young, 748 F.2d 701, 705-06 (D.C.Cir.1984), cert. denied, 474 U.S. 817 (1985). The record, however, suggests that appellant may have demonstrated a "relatively light" prima facie showing of retaliation. See Mitchell v. Baldridge, 759 F.2d 80, 86-87 (D.C.Cir.1985). The case need not be remanded, however; as the record reflects, the government put forth extensive evidence refuting any inference of retaliation. See id.; McDonnell Douglas, 411 U.S. at 802 n. 13. Appellant's poor performance throughout the relevant period is well-documented. All of her supervisors and co-workers who were deposed or submitted affidavits stated that Douglas had an extremely high rate of errors and never fully understood her job. Despite evidence that appellant received more assistance and training than anyone else in the office, her performance did not improve. It appears that appellant's inability to perform adequately the duties of her job over an extended period of time would have caused her removal under any circumstances. See generally Williams v. Boorstin, 663 F.2d 109, 117 (D.C.Cir.1984). It is
 
 
 3
 FURTHER ORDERED AND ADJUDGED that the district court's order filed October 3, 1989, be affirmed for the reasons well-stated therein.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.